# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 17, 2023

Lyle W. Cayce
Clerk

————————

No. 22-30703

————————

NORTH ATLANTIC SECURITY COMPANY,

*Plaintiff—Appellee*,

*versus*

FABIAN BLACHE,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CV-379

_____

Before CLEMENT, HAYNES, and OLDHAM, *Circuit Judges*.
PER CURIAM:[*]

Fabian Blache appeals the district court's partial denial of his motion for summary judgment. We DISMISS for lack of appellate jurisdiction.

North Atlantic Security Company alleges that Blache violated its federal due process rights by revoking its license to operate, and that he violated Louisiana state law by informing North Atlantic's clients of that fact. The client-contact claim is the sole claim on which the district court denied

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-30703

summary judgment. And, as even Blache admits, that claim only sounds in state law. Blue Br. 14 ("Here, there is no question that North Atlantic never alleged that Blache violated federal law by contacting its clients."). That is perhaps why Blache never invoked federal qualified immunity on that issue below. *See* Blache Mot. Sum. J. ROA.280–95 (not doing so). *See, e.g.*, *Tuttle v. Sepolio*, 68 F.4th 969, 976 (5th Cir. 2023) (per curiam) ("Federal qualified immunity does not apply to state-law claims . . . .").

Under 28 U.S.C. § 1291, this court's appellate jurisdiction is tightly circumscribed to reviewing "final decisions." Accordingly, an "order denying a motion for summary judgment is generally not a final decision within the meaning of § 1291 and is thus generally not immediately appealable." *Plumhoff v. Rickard*, 572 U.S. 765, 771 (2014). The Supreme Court has carved out an exception for "collateral orders," which can include the denial of qualified immunity. *See Mitchell v. Forsyth*, 472 U.S. 511, 525, 530 (1985). Because Blache did not, and could not, invoke the protection of federal qualified immunity for his alleged violation of state law, we DISMISS this appeal for want of interlocutory appellate jurisdiction.[†]

---

[†] Our dissenting colleague does not contest that the amended complaint only raised the client-contact claim under state law. *Post*, at 4. Nor does the dissent contest that Blache admits as much. *Id.* at 5. Instead, the dissenting opinion parses the original, superseded complaint, prior to the inclusion of the state-law claim, to infer a federal claim the amended complaint omits. *Id.* at 4. The dissent also rejects Blache's admission "there is no question that North Atlantic never alleged that Blache violated federal law by contacting its clients" because that issue was raised *sua sponte* by the district court. *Id.* at 5-6. We instead address the claims North Atlantic raised.

HAYNES, *Circuit Judge*, dissenting in part:

I respectfully dissent from the majority opinion because I conclude North Atlantic brought a claim under federal law against Blache, alleging that his contact of North Atlantic's clients violated North Atlantic's federal due process rights. The district court agreed, and it denied summary judgment based on qualified immunity for that claim alone. Because Blache moved for summary judgment on all claims and the district court ruled on this issue, I conclude we have jurisdiction over that decision, and I would reverse the district court's denial of qualified immunity for Blache on North Atlantic's federal client-contact claim.

## I.     Background

Blache served as the executive secretary of the Louisiana State Board of Private Security Examiners (the "Board"). The Board is a state agency within Louisiana's Department of Public Safety and Corrections, *see* LA. REV. STAT. ANN. § 37:3273(A), which is responsible for regulating the private security industry in Louisiana, *see id.* § 37:3274(A).

In 2018, Blache received a tip regarding a possible rules violation by Joshua Lands, who was working as an armed guard for North Atlantic Security Company ("North Atlantic"). Blache investigated and confirmed that Lands was working as an armed security guard without authorization, and that Lands was not carrying his firearms registration card in violation of Board regulations. *See id.* § 37:3283(B). North Atlantic's license to operate under the Board's regulations was subsequently revoked, and Blache allegedly informed North Atlantic's customers of this fact. North Atlantic's contracts, which it had obtained through the bidding process with the Office of State Procurement, were then awarded to another company. Subsequent to this process, the Board held an administrative hearing as to this issue, though it is unclear what the outcome of the hearing was.

No. 22-30703

## II.    Jurisdiction

From the beginning of this lawsuit, North Atlantic has claimed Blache violated its federal due process rights when he contacted North Atlantic's clients to tell them that North Atlantic's license had been revoked.  North Atlantic's original petition—titled "PETITION FOR DAMAGES UNDER 42 USC 1983"—alleged exactly that under exclusively federal law.  Specifically, North Atlantic alleged that Blache's actions—including "notif[ying] all its customers that North Atlantic could not work in Louisiana"—"destroyed [North Atlantic] as a viable company in Louisiana."  North Atlantic claimed more than $2 million in damages for, inter alia, violation of its Fourteenth Amendment rights.  If the client contact was not a part of North Atlantic's federal claims, why mention it?  Further, the cease-and-desist letter, fine, and revocation alone—if no one knew about them—would be unlikely to justify the significant damages claimed.

Nevertheless, the majority opinion concludes that North Atlantic only alleged its client-contact claim under state law.  North Atlantic did file a revised amended complaint, which *added* a state law claim alleging that Blache's revocation of North Atlantic's license and notification of North Atlantic's clients about this revocation violated North Atlantic's due process rights under the Louisiana Constitution.  However, the amended complaint still included all the same claims from the original petition, and it did not remove or withdraw any causes of action included in the original petition.  The same federal client-contact claim that North Atlantic pled originally was also in the amended complaint.  The amended complaint therefore raised the client-contact claim under both state *and* federal law (unlike what the majority opinion footnote suggests I am stating).

Blache filed a motion for summary judgment seeking dismissal of all of North Atlantic's claims, although he did not specifically address his

4

No. 22-30703

alleged wrongful notification of North Atlantic's clients.[1]  In its response, North Atlantic reiterated its client-contact allegations in a section addressing federal qualified immunity, saying "Blache violated black letter law in several respects" including "notifying all the customers of North Atlantic that it could no longer work in Louisiana and to get another company."  This argument would be irrelevant if North Atlantic had only brought its client-contact claim under state law. *See Tuttle v. Sepolio*, 68 F.4th 969, 976 (5th Cir. 2023) (per curiam) ("Federal qualified immunity does not apply to state-law claims.").

Importantly, the district court also believed that North Atlantic brought its client-contact claim under federal law.  The district court ultimately held that genuine disputes of material fact precluded granting Blache's motion for summary judgment based on qualified immunity for North Atlantic's federal client-contact claim.  That holding is the subject of Blache's appeal—as well as the reason we have jurisdiction to hear it. *See Good v. Curtis*, 601 F.3d 393, 397 (5th Cir. 2010) (explaining our jurisdiction includes "interlocutory appeals from denials of motions for summary judgment" on qualified immunity to the extent the denial turns on issues of law).

Blache's opening brief first asserts that "there is no question that North Atlantic never alleged that Blache violated federal law by contacting its clients," but then concedes that the federal client-contact claim "was raised by the district court."  Contrary to Blache's assertion, the district

---

[1] The majority opinion suggests Blache never invoked federal qualified immunity on the client-contact claim because he believed North Atlantic did not plead that claim under federal law.  However, Blache did generally move for summary judgment on the whole case and asserted qualified immunity to the constitutional assertions.  Additionally, both North Atlantic and the district court raised the issue.

court did not improperly address that claim because, as described previously, North Atlantic had already pled it and reiterated it in subsequent summary judgment briefing. North Atlantic confirms as much in its brief before us, saying "North Atlantic brought state and federal due process claims . . . against Blache" alleging, inter alia, "that Blache violated its constitutional rights when he . . . advised North Atlantic's clients that the license had been revoked prior to its Board hearing." Given that Blache had moved for summary judgment on all issues and asserted qualified immunity on constitutional claims, the district court addressed it.

In sum, North Atlantic pled its client-contact claim under federal law and has not withdrawn, waived, or abandoned that claim. Denying summary judgment on that claim alone, the district court held that genuine issues of material fact precluded granting Blache qualified immunity for his alleged wrongful notification of North Atlantic's clients. A district court's denial of a claim of qualified immunity that turns on an issue of law is immediately appealable. *Id.*[2] Accordingly, I conclude we have jurisdiction over the district court's decision to deny qualified immunity on the claim that Blache violated federal law when he notified North Atlantic's clients that North Atlantic's license had been revoked.[3]

### III.    Discussion

Because I conclude we have jurisdiction over North Atlantic's federal client-contact claim, I turn next to the question of whether Blache is entitled to qualified immunity on that claim. We review de novo a district court's

---

[2] On an interlocutory appeal, we cannot rule on the genuineness of fact issues, but we can rule on whether they are material as a matter of law, *Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006), which is what I am addressing here.

[3] To the extent Blache appeals any summary judgment ruling on state law issues, I agree with the majority that we do not have jurisdiction over those claims.

denial of a motion for summary judgment based on qualified immunity. *See Wallace v. Cnty. of Comal*, 400 F.3d 284, 288 (5th Cir. 2005).

To overcome qualified immunity, the burden is on the plaintiff to raise fact issues that show (1) the defendant violated constitutional law, and (2) the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). In most cases, showing a right was clearly established requires citation of a relevant case that would have put the defendant on notice of the violation. *Joseph ex rel. Est. of Joseph v. Bartlett*, 981 F.3d 319, 330 (5th Cir. 2020). However, there is a "rare" exception to this requirement, under which, "in an obvious case, analogous case law is not needed because the unlawfulness of the [challenged] conduct is sufficiently clear even though existing precedent does not address similar circumstances." *Id.* (alteration in original) (internal quotation marks and citation omitted). For purposes of review, we may limit our analysis to the "clearly established" prong if that resolves the qualified immunity issue. *See Pearson*, 555 U.S. at 236–37.

According to the district court, a reasonable jury could conclude that Blache's outreach to North Atlantic's clients amounted to a final revocation of North Atlantic's contracts that violated the company's procedural due process rights. Regarding the "clearly established" prong, the district court held that this was "an obvious case" in which it was unnecessary for North Atlantic to identify analogous case law.

I disagree. The "obvious" cannot be discerned from a "high level of generality." *See Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)); *see also Roe v. Johnson Cnty.*, No. 21-10890, 2023 WL 117826, at *2 n.1 (5th Cir. Jan. 5, 2023) (per curiam) (quotation omitted) (noting the "sky high" burden required to show an obvious case). That is, North Atlantic fails to substantiate the notion that Blache's outreach

to North Atlantic's customers regarding the revocation of the company's license prior to the Board hearing is such an obvious constitutional violation that North Atlantic did not need to submit analogous precedent to the court. For comparison, here "[w]e have nothing approaching the clarity we have perceived in other obvious cases," such as cases in which "it was obviously unconstitutional for an officer to shoot—without warning, despite an opportunity to warn—a suspect who was pointing a gun to his own head and did not know the officer was there." *Joseph*, 981 F.3d at 337. By contrast, an officer shooting a suspected felon off the bridge on a highway was considered not to be an "obvious" violation. *Mullenix*, 577 U.S. at 11–15. Indeed, North Atlantic did not itself even invoke the "obvious case" exception before the district court as an explanation for why it would not need to submit analogous precedent regarding Blache's outreach to its clients. I conclude this case clearly does not fall within the rare "obvious case" exception.

To otherwise satisfy its burden, North Atlantic must identify a case, or a collection of cases, holding that a government official acting in similar circumstances to Blache violated the Constitution. *Joseph*, 981 F.3d at 330. "In other words, [North Atlantic] must point this court to a legislative directive or case precedent that is sufficiently clear such that every reasonable official would have understood that what he is doing violates that law." *Keller v. Fleming*, 952 F.3d 216, 225 (5th Cir. 2020). While North Atlantic points to "general propositions" relevant to the issue at hand—such as property interests in professional licenses and Blache's authority as executive secretary of the Board—these propositions are insufficient to show that "*every* reasonable official would have understood that what [Blache] [wa]s doing violate[d] th[e] law." *Id.* (emphasis added); *see al-Kidd*, 563 U.S. at 742 ("We have repeatedly told courts . . . not to define clearly established law at a high level of generality."). This conclusion is reinforced by the fact that the district court *did* determine that Blache was entitled to qualified

immunity on North Atlantic's cease-and-desist revocation order, as well as North Atlantic's excessive fines claim.  As such, I conclude that North Atlantic cannot satisfy its burden of proof on the clearly established issue. *See Joseph*, 981 F.3d at 329–30; *see also Roe*, 2023 WL 117826, at *2 (determining appellant's "general propositions" were "insufficient to meet the required burden").

Accordingly, I would reverse the district court's denial of summary judgment based on qualified immunity as to North Atlantic's federal client-contact claim.  Since the majority opinion does not reach the merits of that decision, I respectfully dissent on that issue.